LANE, J.
An invoice by a third person, taken at the time of purchase, is an item of evidence to show the value of the articles purchased, but not one made by the party himself, as a mere guide to his consignee for sales. The evidence is ruled out.
King and N. Wright, contra,
contended that if the loss resulted from the negligence of the captain, or by his deviating from the usual channel of the navigation, the plaintiffs’ remedy is against the 451] *carrier, and not on the policy. They cited 9 John. 19, 26, 27; 14 John. 144; 6 Cowen 274; 5 O. 435.
K. Wright, in support of the motion,
insisted that as to the fact that the captain deviated from the channel of the river into the chute, and so grounded the boat, the evidence was too clear to be controverted. That deviation subjected the carrier to the loss, and exonerated the insurer.
Storer, contra,
said that was a mere question of fact for the jury.
LANE, J. Instructed the jury, that if they were satisfied the injury to the coffee resulted from the gross negligence of the captain, after the grounding of the boat, or if it resulted from a deviation from the usual course of the navigation from New Orleans to Cincinnati, their verdict should be for the defendant; if otherwise, for the plaintiffs.
The instructions asked for, the court declined giving.
Verdict for the plaintiffs, §605.
The defendant moved for a new trial, because the verdict was against law and evidence.
LANE, J. It is held a principle pervading the whole law of marine insurance, that the insured is held to the implied warranty, that the agents employed in the navigation are careful and diligent, and that everything shall be done to prevent loss within the reach of ordinary human agency; and if loss happen from the omission of such care and diligence, the insurer is not accountable for it: (5 O. 435.) The law is settled, that the captain and crew are agents of the insured: (Ib. 436.) As we understand the law, the navigator deviates from the usual and common course of the navigation at his peril; and if loss ensue, the carrier and not the insurer, is to bear it. The proof is, that navigators pass their craft through this cutoff or chute at high water, to cut off the distance and gain time. Such deviations are always at the risk of the navigators. It is obvious that there is less danger of grounding in the main channel of *557 the river than elsewhere; and if the pilot or captain, for his own gain or convenience, depart from this channel, as the gain is his, if he succeed, the loss is his, if he fail. This is not a case of error in judgment in an emergency, for which the navigator might not be responsible, but one of voluntary deviation, and a consequent voluntary taking, by the navigator, of the risk. The proof on this subject was clear, admitting of no controversy; and the jury, mistaking the law, held the captain at liberty to exercise his discretion, at the risk of the insurer, what channel to pursue; on this account a new trial is ordered, the costs of the defendants.